## UNITED STATES

### v.

**Airman First Class David A. KRESSIN, FR 393–48–3951 57th Tactical Electronic Warfare Training Squadron USAF Tactical Fighter Weapons Center (TAC).**

### ACM S24404.

U. S. Air Force Court of Military Review.

Sentence Adjudged 6 April 1976.

Decided 8 Sept. 1976.

---

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major Bruce R. Houston. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION

LeTARTE, Chief Judge:

Despite his pleas, the accused was convicted of wrongfully possessing marijuana, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, and was sentenced to be discharged from the service with a bad conduct discharge, to be confined at hard labor for 100 days, to forfeit $50.00 per month for three months and to be reduced in grade to airman basic.

Appellate defense counsel have invited our attention to three claims of error listed on the accused's request for appellate representation. Initially, the accused contends

that the marijuana seized during a search of his automobile was improperly admitted in evidence over his objection. We disagree.

The search in question was conducted by a security policeman at the entrance of a "tightly secured area" located within Nellis Air Force Base, Nevada, and was authorized pursuant to the following written directive issued by the base commander to the security police commander:

You are directed to institute a systematic, non-consensual search of vehicles entering or operating on Nellis Air Force Base on 1 February 1976 between the hours of 0800 and 1700. Selection of vehicles will be on a random basis and a minimum of 30 detail searches will be conducted during this period. The primary purpose of the searches will be discovery of contraband and weapons being brought on the base in vehicles. Any such property discovered will be confiscated and retained by Security Police for legal process.

 At trial, the prosecution sought to establish that the vehicle "inspection" was authorized under Air Force Regulation 125-37, The USAF Resources Protection Program, 21 December 1973, and the Tactical Air Command supplement thereto, dated 9 April 1975.[1] However, since these regulations provide guidance for the protection of Government resources only, they could not supply the authority for the instant search. *United States v. Chase,* 24 U.S.C.M.A. 95, 51 C.M.R. 268, 1 M.J. 275 (1976).

 Nevertheless, we believe the search procedure instituted by the base commander was, in the circumstances, reasonable and, therefore, lawful. *United States v. Unrue,* 22 U.S.C.M.A. 466, 47 C.M.R. 556 (1973). Since it was "carefully limited in time, place and scope" and was obviously designed to prevent the introduction of

drugs and illegal weapons onto the base and into the sensitive areas thereof, the search procedure constituted a "proper regulatory program in light of the conditions." *United States v. Unrue,* supra, at page 560; *United States v. Kazmierczak,* 16 U.S.C.M.A. 594, 37 C.M.R. 214 (1967); *United States v. Biswell,* 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972). We find, therefore, that the military judge did not err in admitting the marijuana seized from the accused's vehicle into evidence.

The next issue raised by the accused is that the military judge erred in refusing to make special findings as requested. Prior to the court's closing for findings, the defense requested special findings be made, as follows:

1. Did the accused give consent to the search of his vehicle on 1 February 1976?

2. Was there a military necessity for such a search and, if so, what was the nature of that necessity?

3. Did the procedure utilized in this search repose overly broad discretion in the Security Policemen conducting the search?

The military judge denied this request on the basis that it dealt solely with an interlocutory question that "was not subject to special findings within Article 51(d) of the Uniform Code of Military Justice, and paragraph 74i of the Manual for Courts-Martial." We agree.

 When sitting alone as a court-martial, the military judge's obligation to "find the facts specially," upon request, is mandatory, but he need not make superfluous findings. *United States v. Hussey,* 1 M.J. 804 (A.F.C.M.R. 25 February 1976). In *Hussey,* supra, on the basis of existing federal rules and decisions and the follow-

1. The prosecution also sought to establish the lawfulness of the search on the basis of consent. However, in view of the contradictory testimony elicited relevant to this issue and since the procedure established by the base commander provided for *non-consensual* searches, we are not satisfied that the Government clearly established that the accused did

consent to the search. *United States v. Chase,* 24 U.S.C.M.A. 95, 51 C.M.R. 268, 1 M.J. 275 (1976); *United States v. Decker,* 16 U.S.C.M.A. 397, 37 C.M.R. 17 (1966); *United States v. Herberg,* 15 U.S.C.M.A. 247, 35 C.M.R. 219 (1965); *United States v. Berry,* 6 U.S.C.M.A. 609, 20 C.M.R. 325 (1956).

ing Manual provision, we perceived an analogy between special findings and the instructions given in a trial by jury:

Upon request . . . special findings shall be made by the military judge sitting alone of factual matters reasonably in issue. The special findings will usually include findings as to the elements of the offenses of which the accused may be found guilty, findings on the question of mental responsibility if raised by the evidence, and findings on special defenses reasonably in issue.

Manual for Courts-Martial 1969 (Rev.), paragraph 74*i*. Hence, we concluded that "when special findings are made, they should cover the same issues upon which instructions would be required in a jury trial."

 Utilizing this guideline in the instant case, it is evident that the questions submitted to the military judge for special findings did not relate to such issues of fact as are contemplated by Article 51(d) of the Code, *supra*, and paragraph 74*i* of the Manual. A ruling by the military judge on a question of law, including a motion for a finding of not guilty, or on an interlocutory question, other than the factual issue of the accused's mental responsibility, is final and constitutes the ruling of the court. Article 51(b), Code, *supra*; Manual for Courts-Martial, *supra*, paragraph 57. And, it is well-settled that resolution of the legality of a search issue is interlocutory in nature. *United States v. Berry, supra*; *United States v. Schafer*, 13 U.S.C.M.A. 83, 32 C.M.R. 83 (1962). Moreover, such questions are for the exclusive determination of the military judge whether or not they require resolution of disputed facts, as in the case before us. *United States v. Berry, supra*; *United States v. Schafer, supra*; *United States v. McKinney*, 40 C.M.R. 1013 (A.F.C.M.R.1969), pet. denied, 40 C.M.R. 327 (1969). Consequently, since the questions asked in the instant case did not pertain to the type of factual issues upon which instructions would have been required in a trial before members, it follows that the military judge did not err in refusing the defense request for special findings.

We perceive no merit in the accused's third assertion that the evidence is insufficient to establish his guilt of the offense beyond a reasonable doubt.

The findings of guilty and the sentence are

AFFIRMED.

EARLY, Senior Judge, and FORAY, Judge, concur.