**440**

UNITED STATES, Appellee,

v.

James M. GERARD, Corporal U. S.
Marine Corps, Appellant.

No. 39,274.

NCM 80 0476.

U. S. Court of Military Appeals.

Aug. 24, 1981.

For Appellant: *Captain Joseph M. Poirier*, USMC (argued); *Lieutenant Kerry T.*

1. Two specifications each of possessing, transferring and selling cocaine.

*Davidson*, JAGC, USN (on brief); *Captain Edwin A. Burnette*, USMC.

For Appellee: *Lieutenant Wm. Eric Minamyer*, JAGC, USNR (argued); *Commander T. C. Watson, Jr.*, JAGC, USN (on brief).

Opinion of the Court

FLETCHER, Judge:

On October 16, 1979, appellant was tried by general court-martial at Camp Pendleton, California. Contrary to his pleas, he was found guilty of six specifications of violating service drug regulations, in contravention of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.[1] On October 18, 1979, the military judge sentenced the appellant to a bad-conduct discharge, confinement at hard labor for 6 months, and reduction to the pay grade of E-1. The convening authority approved this sentence. On January 29, 1980, the convening authority remitted the unserved portion of confinement. The United States Navy Court of Military Review subsequently affirmed the findings of guilty and sentence.

> The issue before this Court for review is: WHETHER ARTICLE 51 OF THE UNIFORM CODE OF MILITARY JUSTICE, 10 U.S.C. § 851 REQUIRED THE MILITARY JUDGE IN THE INSTANT CASE TO MAKE SPECIAL FINDINGS AT THE REQUEST OF THE TRIAL DEFENSE COUNSEL.

We answer this question in favor of the appellant and grant him the relief he seeks in this case?

The record of trial indicates that, prior to the military judge's announcement of findings, defense counsel orally requested specific findings of fact. The military judge, at that point, granted this request on the express condition that defense counsel prepare specific questions in writing. This was on October 18, 1979. Defense counsel agreed to this condition without objection.

On November 7, 1979, defense counsel asked the command staff judge advocate to provide him with the record of trial to prepare his specific questions. The staff judge advocate promised the defense counsel that he would be notified when the record of trial was completed.[2] No such notification was given and the record of trial was authenticated on November 28, 1979. Defense counsel received a copy of the record of trial from appellant on December 21, 1979. This defense counsel submitted certain written questions to the military judge on January 15, 1980. These questions concerned the defenses of entrapment and agency relied on by the appellant at trial.

The military judge at that time denied the appellant's request for special findings. He stated in writing:

1. During the trial, the defense counsel in the subject case requested in a timely manner that the military judge make special findings in the case. However, your written request specifying the matters to be determined was not submitted until after 14 January 1980. The record of the trial was authenticated on 28 November 1979. Thus, the request was submitted approximately months after the authentication.

2. MCM, 1969 (Rev.), para. 74i, provides, inter alia, as follows: . . . . . the special findings may be attached to the record within a reasonable time after sentencing and before authentication of the record." I specifically find that the required written request for special findings was not submitted in a timely fashion.

3. Because of the long delay in the defense counsels' submission of this request, the facts are not fresh in my mind and I would have to re-read the entire record of trial and attempt to reconstruct my thinking at the time of trial.

4. Subject request is denied.

/s/
J.A. MALLERY, JR.
Col, U.S. Marine Corps
Circuit Judge

The particular question we must answer is whether the military judge had any authority to refuse to make special findings in this case. Article 51(d), UCMJ, 10 U.S.C. § 851(d), states:

The military judge of such a court-martial shall make a general finding and shall in addition on request find the facts specially. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact appear therein.

The legislative background on this codal provision indicates it was patterned on Fed. R.Crim.P. 23(c). *See generally United States v. Hussey*, 1 M.J. 804 (A.F.C.M.R. 1976). Accordingly, the federal civilian courts' experience with this type of statute will be most enlightening. The federal provision is considered to embrace an important right of the defendant in a non-jury criminal case. *See United State v. Snow*, 484 F.2d 811, 812 (D.C. Cir. 1973); *Cesario v. United States*, 200 F.2d 232, 233 (1st Cir. 1952). The imposition of conditions by a trial judge on the exercise of this right by a defendant is generally frowned upon by the federal civilian courts. *United States v. Johnson*, 496 F.2d 1131 (5th Cir. 1974), *cert. denied*, 420 U.S. 972, 95 S.Ct. 1391, 43 L.Ed.2d 651 (1975); *Howard v. United States*, 423 F.2d 1102 (9th Cir. 1970). Once the right has been requested in a timely manner by the defendant, compliance is mandatory. *United States v. Morris*, 263 F.2d 594 (7th Cir. 1959). *See United States v. Hussey, supra.*

In the case at bar, the military judge purportedly utilized paragraph 74i, Manual, *supra*, in denying the appellant's request for special findings. *See United States v. Baker*, 47 C.M.R. 506 (A.C.M.R. 1973), *pet. denied*, 22 U.S.C.M.A. 640 (1973). Nowhere in that Manual provision[3] is he authorized

2. Some dispute exists in the record concerning this fact but it is not critical to our decision in this case.

3. In 1969, the President, acting pursuant to Article 36, Uniform Code of Military Justice, 10 U.S.C. § 836, promulgated paragraph 74i, Manual for Courts-Martial, United States, 1969 (Revised edition). This also was new to military

to refuse to provide an accused with special findings because of a perceived failure to comply with its requirements. *See United States v. Falin*, 43 C.M.R. 702 (A.C.M.R. 1971). More importantly, Article 51 clearly does not sanction such action. Finally, no case law from this Court or any other civilian or military court is cited to us by the Government ᴵ upport the military judge's action. While we agree that many of the requirements of this Manual provision are commendable, a failure to comply with them does not obviate the military judge's statutory responsibility to make the special findings when requested. Of course, any failure to comply with these requirements may undermine any post-trial attack on the special findings actually found appropriate by the military judge without particular guidance from the accused. *See United States v. Baker, supra.*

The decision of the United States Navy Court of Military Review is reversed. The action of the convening authority is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to the military judge for preparation of special findings. Thereafter, the record of trial will be returned to the convening authority for a new review and action.

law and based on Article 51(d), UCMJ, 10 U.S.C. § 851(d). It states:

   i. *Court-martial composed of a military judge alone.* The military judge sitting alone decides the guilt or innocence of the accused. He shall make general findings as indicated in 74*b* and *c* and may make such special finding as he deems appropriate. Upon request, however, special findings shall be made of factual matters reasonably in issue. The special findings will usually include findings as to the elements of the offenses of which accused may be found guilty, findings on the question of mental responsibility if raised by the evidence, and findings on special defenses reasonably in issue. *A request for special findings* must be made prior to the announcement of general findings by the military judge and *must specify the matter to be determined.* Only one set of special findings may be requested by a party in any case. *The military judge may require that a request for special findings be submitted in writing.* The general findings, when determined, must be announced in open court with all parties

EVERETT, Chief Judge (concurring):

In providing for trials by military judge alone, Article 51(d)—which was added to the Uniform Code by the Military Justice Act of 1968—states:

   The military judge of such a court-martial shall make a general finding and shall in addition on request find the facts specially. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact appear therein.

This language—apart from a formal difference in its first seven words—is identical with that of Fed.R.Crim.P. 23(c), as amended in 1966. Obviously Congress intended to adopt for military justice the special findings requirements applicable to criminal trials by judge alone in the Federal District Courts.

The language of Article 51(d) does not appear to contemplate that a request for special findings shall be expressed in a certain form or manner. Furthermore, Rule 23(c) apparently has not been interpreted to require any particular form of request for special findings. Indeed, the assumption underlying that Rule seems to be that providing defendants a liberal right to obtain special findings in trials without a jury will encourage waivers of jury.[1] Thus, any re-

present and special findings may be announced at that time. If the military judge files an opinion or memorandum of decision, however, it is sufficient if the special findings appear therein.

   Requested special findings need not be made in the event of an acquittal of an offense, or in relating to the principal offense, if conviction is of an included offense.

   If the accused so requests, the military judge may announce his special findings prior to the presentencing procedure; *otherwise the special findings may be attached to the record within a reasonable time after sentencing and before authentication of the record.* The military judge may file an opinion or memorandum of decision at any time prior to authentication although the general and special findings were previously announced. (Emphasis added.)

1. Despite extensive requests for special jury instructions, the general verdict of guilty sometimes will have the practical effect of precluding appellate review on an issue of law. There-

quirement that an accused make his request for special findings in writing probably runs counter to Article 51(d). In any event, Congress did not leave the President free to condition the accused's right to special findings on his counsel's specifying "the matter to be determined." *See* para. 74*i*, Manual for Courts-Martial, United States, 1969 (Revised edition). By seeking to impose such a condition in the case at bar, the military judge prejudiced appellant's rights.

In dealing with instructions to the members of courts-martial, the Court has held that some instructions must be given even without a defense request, while others need be given only if a request has been made. In similar fashion, these principles apply to findings in a trial by military judge alone: (1) If no request is made for special findings, the military judge need make only a general finding; and, "[o]n appeal, findings will be implied in support of the judgment if the evidence, viewed in a light most favorable to the government, warrants them," *United States v. Ochoa*, 526 F.2d 1278, 1282 n.6 (5th Cir. 1976); (2) if the accused makes a request for special findings, the judge must make findings which, whether "written or gleaned from comments from the bench, . . . must afford a basis for intelligent appellate review," *United States v. Pinner*, 561 F.2d 1203, 1206 (5th Cir. 1977), *cert. denied*, 439 U.S. 1115, 99 S.Ct. 1018, 59 L.Ed.2d 73 (1979); and (3) defense requests for findings on specific matters sometimes will require the trial judge to make more extensive special findings than otherwise would be necessary.

With respect to the last situation—which involves more than a general request for special findings—I perceive no inconsistency between Article 51(d) and the provisions of paragraph 74*i*. Thus, if a defense counsel—with a view to imposing additional obligations on the trial judge—requests findings on specific matters, then the judge may properly require that this request be in writing. Since nothing in the principal

opinion is inconsistent with this analysis, I concur outright.

Cook, Judge (dissenting):

Although Article 51(d), Uniform Code of Military Justice, 10 U.S.C. § 851(d), requires a military judge to make special findings of fact upon request, it does not specify the procedures to be employed for this purpose. Thus, I do not view the requirement of paragraph 74*i*, Manual for Courts-Martial, United States, 1969 (Revised edition), that the request for special findings be in writing when so stipulated by the trial judge, as inconsistent with the Codal provision. The President has simply prescribed orderly procedures for invoking a request for special findings, pursuant to his authority under Article 36, UCMJ, 10 U.S.C. § 836.

Here, defense counsel requested special findings; he did not specifically delineate his desires. The trial judge required, and counsel agreed, to submit the request in writing. The trial terminated on October 18, 1979, but defense counsel did not submit his request until January 15, 1980, the date of the convening authority's action and several weeks after the record of trial had been authenticated. Paragraph 74*i* requires attachment of the special findings to the record of trial prior to authentication. Accordingly, in my opinion, the trial judge properly denied the defense request because it was out of time.

I also disagree with the Chief Judge's conclusion that a mere request for special findings, without any specific delineation of counsel's desires, requires a trial judge to make some special findings. In my opinion, this rule of procedure does not sufficiently identify those issues which must be addressed in his special findings. Paragraph 74*i* also addresses this matter in the following manner:

> The special findings will usually include findings as to the elements of the offenses of which accused may be found guilty, findings on the question of mental

fore, occasionally the special findings procedure available in a case tried without a jury will afford a better opportunity to raise issues of law on appeal than would be available in a trial by jury.

responsibility if raised by the evidence, and findings on special defenses reasonably in issue. A request for special findings must be made prior to the announcement of general findings by the military judge and *must specify the matter to be determined.*

(Emphasis supplied.) As observed by the United States Army Court of Military Review in *United States v. Baker*, 47 C.M.R. 506, 510 (A.C.M.R. 1973), *pet. denied*, 22 U.S.C.M.A. 640 (1973), any other rule would lead to constant litigation over the "corollary issue" of whether the military judge's special findings addressed all of the required issues. In any event, the defense counsel in the present case submitted numerous questions to the trial judge. Obviously, if the trial judge here had made special findings prior to the submission of those questions, his special findings would not have answered all the questions prepared by counsel. Thus, I fear the Chief Judge's rule imposes an impossible burden on the trial judge.

I would affirm the decision of the United States Navy Court of Military Review.