# UNITED STATES

v.

**John D. ERICSON, 570 90 4059, Lance Corporal (E–3), U. S. Marine Corps.**

**NMCM 81 1577.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 12 Nov. 1980.

Decided 30 April 1982.

LCDR I. D. Warden, Jr., JAGC, USN, Appellate Defense Counsel.

CDR Jay M. Siegel, JAGC, USNR, Appellate Government Counsel.

Before BAUM, ABERNATHY and KER-CHEVAL, JJ.

ABERNATHY, Judge:

Appellant has assigned the following error for our consideration:

THE MILITARY JUDGE ERRED IN FAILING TO MAKE MEANINGFUL SPECIAL FINDINGS UPON DEFENSE REQUEST.

On 5 and 12 November 1980, during the course of his trial, appellant requested special findings on (1) a motion challenging whether compliance was had with Article 25, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 825, in the assignment

of members to the court-martial and (2) a motion to dismiss for denial of speedy trial. The military judge agreed to submit such findings and, on 3 February 1981, did so in the following manner:

I

Compliance with Article 25, U.C.M.J.

It is the finding of the military judge that the procedures employed with respect to the selection of court members detailed by the convening authority in his convening order of 31 July 1980 did result in compliance with Article 25, U.C.M.J.

II

Speedy Trial

It is the finding of the military judge that the government proceeded with due diligence in the instant case and that the accused was not denied the right to a speedy trial.

We agree with appellant that the special findings rendered by the judge do little more than repeat his ruling on each motion and certainly do not set forth his underlying factual findings, nor do they answer the detailed questions which appellant had posed. The real question in this case, however, is whether such findings were required at all since they relate solely to interlocutory rulings by the military judge, not to the ultimate issue of guilt or innocence.

■ "The federal provision [for special findings, upon which Article 51(d) is patterned] is considered to embrace an important right of the defendant in a non-jury criminal case." *United States v. Gerard*, 11 M.J. 440 (C.M.A.1981). It is clear that both Article 51(d), UCMJ,[1] and paragraph 74i, *Manual for Courts-Martial, 1969 (Rev.)* (*Manual*) recognize that matters beyond the singular issue of guilt or innocence are

---

1. Article 51(d), Uniform Code of Military Justice, 10 U.S.C. § 851(d), provides:

"... The military judge of such a court-martial [by military judge only] shall determine all questions of law and fact arising during the proceedings and, if the accused is convicted, adjudge an appropriate sentence. The military judge of such a court-martial shall make a general finding and shall in addition on request find the facts specially. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact appear therein."

the proper subject of special findings.[2] Thus, the *Manual* provision, in giving examples of "factual matters reasonably in issue," cites the elements of the offenses, mental responsibility and special defenses as matters which are envisioned by the Codal provision. Of course, all of this is cast in the framework of the military judge sitting alone and acting as the sole finder-of-fact on the ultimate issue of the guilt or innocence of the accused.

■ There does not appear to be any compelling, or even logical, reason to include within this framework a requirement that the military judge make such findings concerning matters of law or interlocutory questions, since he rules with finality on these issues in a trial before members. In our view, this position is consistent with the fact that the drafters of the Code placed Article 51(d) in a section dealing with trial by military judge alone,[3] rather than imposing a requirement that all rulings by the military judge could be the subject of special findings regardless of the "mode" in which the trial was conducted. We agree with the Air Force Court of Military Review that when Article 51(d), UCMJ, special findings are made, they should cover the same issues upon which instructions would be required in a jury trial. *United States v. Kressin,* 2 M.J. 283, 285–286 (A.F.C.M.R. 1976), *rev'd on other grounds,* 5 M.J. 393 (C.M.A.1978).

■ Applying the foregoing considerations to the instant case, we hold that since the military judge was under no duty to make special findings with regard to the specified issues,[4] he did not err in rendering findings that were not "meaningful." We have examined the underlying issues to which defense counsel's requests were addressed and find that they were correctly resolved in a manner adverse to appellant. Accordingly, the findings and sentence as approved below are affirmed.

Senior Judge BAUM and Judge KERCHEVAL concur.

---

2. *See United States v. Smith,* No. 81 2922 (N.M.C.M.R. 24 February 1982). We would also note that the Military Rules of Evidence now require a military judge to state "essential findings of fact" on the record concerning certain pretrial motion rulings related to confessions, suppressed evidence, and eyewitness lineups. *Mil.R.Evid.,* 304(d)(4); 311(d)(4); and 321(f). However, these *sua sponte* findings should not be confused with the more formalized special findings of fact which may be requested under Article 51(d), Uniform Code of Military Justice. *See generally,* Schinasi, *Spe-*

*cial Findings: Their Use at Trial and on Appeal,* 87 Mil.L.Rev. 73 (1980); and Saltzburg, Schinasi, and Schlueter, Military Rules of Evidence Manual (1981).

3. Like special findings, trial by military judge alone was sanctioned for the first time in 1969. *See* paragraphs 39*b*(5) and 53*d*(2), *Manual for Courts-Martial, 1969 (Rev.).*

4. *Contra, United States v. Falin,* 43 C.M.R. 702 (A.C.M.R.1971); *United States v. Smith,* No. 81 2922 (NMCMR 24 February 1982).