**UNITED STATES**

**v.**

**Senior Airman Terence L. O'QUIN, FR 229–04–2888 United States Air Force.**

**ACM S25925.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 10 Sept. 1982.

Decided 8 July 1983.

Before KASTL, RAICHLE and SNYDER, Appellate Military Judges.

**DECISION**

KASTL, Senior Judge:

Questions concerning former jeopardy and special findings are brought before this Court by the accused, Senior Airman O'Quin. We find no error and affirm.

**I**

Charges were preferred against the accused by Colonel Boyer, his squadron com-

mander.[1] The case was then referred to trial by the special court-martial convenor, Colonel Sachse. Two weeks after his referral, Colonel Sachse departed the installation on temporary duty. Colonel Boyer succeeded to command; as such, Boyer became the special court-martial convenor. In that role, he issued an amendment to the original referral to trial; it appointed the military judge and four of the six court members who sat in the accused's case.

After the trial was over but before final review, the base staff judge advocate discovered that Colonel Boyer had been both the accuser and a convening authority. Colonel Sachse, reasoning that a jurisdictional defect had occurred, found the proceedings invalid and ordered a new trial.

Before us, the accused claims that this second trial was barred because of lack of jurisdiction, as well as former jeopardy. We disagree.

■ Two Codal provisions are relevant to this issue. Article 1(9), UCMJ, 10 U.S.C. § 801(9), defines an "accuser" as a person who signs and swears to charges. In addition, Article 23, UCMJ, 10 U.S.C. § 823, addresses who may convene special courts-martial. Part (b) provides that "[i]f any such officer is an accuser, the court shall be convened by superior competent authority . . . ." Applying these sources, it is crystal-clear that Colonel Boyer was both the accuser and a convening authority. Since the Code bars one individual from serving in the dual roles of convening authority and accuser, the court called into being by Colonel Boyer acted without authority; its proceedings were a nullity and its findings and sentence null and void.

A second court-martial was properly convened and was not barred by former jeopardy. See Article 44(b), UCMJ, 10 U.S.C. § 844(b) and MCM, 1969 (Rev.), paras. 92b and 215b. See United States v. Crews, 49 C.M.R. 502 (C.G.C.M.R.1974); see also Brookings v. Cullins, 23 U.S.C.M.A. 216, 49 C.M.R. 5 (1974); United States v. Gordon, 1 U.S.C.M.A. 255, 2 C.M.R. 161 (1952); United States v. Archuleta, 17 C.M.R. 772, 778 (A.F.B.R.1954).

## II

■ During the second trial, the defense submitted a detailed request for special findings; the request including seven questions specifically relating to the issues of jurisdiction and double jeopardy addressed in I above. See Appendix A.

The military judge declined to answer these specific questions in the precise format posed by the defense. However, he did enter his own extensive special findings and conclusions of law addressing the same area. See Appendix B.

We perceive no error. As a threshold matter, we note that a military judge is obliged by Article 51(d) of the Code, 10 U.S.C. § 851(d) to make special findings upon request. As we explained in United States v. Hussey, 1 M.J. 804, 808–809 (A.F. C.M.R.1976):

> [T]he purpose of special findings is to preserve questions of law for appeal. Put another way, the special findings enable the appellate court to determine the legal significance attributed to particular facts by the military judge, and to determine whether the judge correctly applied any presumption of law, or used appropriate legal standards. . . .

Furthermore:

> We are not unmindful that a military judge is not required to make superfluous findings, and that an improper request for special findings may be denied by the judge. . . . United States v. Hussey, supra, at 809.

See generally United States v. Ericson, 13 M.J. 725 (N.M.C.M.R.1982).

We hold that the Code's requirement for special findings was adequately met. We believe the special findings resolved the issue under contention and provided us a meaningful exposition of the judge's analy-

---

1. The accused was convicted of two offenses of wrongful transfer of marijuana, in violation of Article 134, U.C.M.J. 10 U.S.C. § 934. His sentence is a bad conduct discharge, confinement at hard labor for three months, and reduction to the grade of airman.

sis for appellate review as contemplated by *Hussey.* *See generally United States v. Falin,* 43 C.M.R. 702 (A.C.M.R.1971); *see also United States v. Gerard,* 11 M.J. 440 (C.M.A.1981). Concededly, the military judge addressed the issues raised by the defense in a different format than the defense proposed. However, we are persuaded that the U.C.M.J. requirement was honored. In sum, the accused received the special findings his counsel sought—even though the defense was unable to dictate the format the military judge utilized to accomplish this.[2]

Accordingly, the findings of guilty and sentence are

AFFIRMED.

RAICHLE and SNYDER, Judges, concur.

### APPENDIX A

Under the authority of Article 51(d), UCMJ, and paragraph 74i, MCM, 1969 (Revised), the defendant in the above-styled case respectfully requests the Military Judge to make special findings in response to the following questions:

As to both Specifications of the Charge:

1. Under the circumstances, how did Colonel Boyer violate Article 23(b), UCMJ, by signing Special Order AE–23 (6 August 82)?

2. How was Colonel Boyer disqualified from acting as convening authority, under the circumstances?

3. If Colonel Boyer violated Article 23(b), UCMJ, how was his conduct prejudicial to the substantial rights of Senior Airman O'Quin, under the circumstances?

4. How was Colonel Boyer's conduct a significant deviation from the UCMJ so as to be a jurisdictional defect in the prior trial of this case?

5. For what reasons was the convening authority's disapproval of this sentence and

findings of the first trial of this case required under the circumstances?

6. How does the fact that Colonel Sachse took action on the result of the prior trial in this case before authentication of the record of trial by the military judge affect the validity of that action?

7. How does the conduct of Colonel Sachse referred to in Question 4 affect the authority of this court-martial to rehear the case?

### APPENDIX B

With regard to Appellate Exhibit II, the defense's request for special findings, that is denied.

However, the court will at this point sua sponte make special findings concerning the issues presented. So I will announce the special findings and conclusions of laws as follows:

That Colonel Robert E. Boyer was an accuser in the first trial of this case and is still the accuser;

That in the earlier case, Colonel Boyer did, in fact, act as convening authority in the meaning of the Manual for Courts-Martial and the UCMJ;

That the accuser is prohibited from acting as convening authority by the Manual for Courts-Martial and Article 23b;

That the proceedings in the earlier trial in fact are a nullity for lack of jurisdiction;

That the convening authority, Colonel Billy E. Sachse's action of 23 August was in accordance with Paragraph 92b of the Manual for Courts-Martial;

That chronologically, the convening authority's action was taken on 23 August;

That there was a re-referral to this court on 24 August;

That defense counsel authenticated the record on 30 August, the military judge authenticated the record on 31 August;

---

2. We recognize that the issue of whether special findings must be provided when the ultimate matter in issue *is a question of law* may be open to debate. Our disposition today does not require us to resolve that matter. *See* *generally United States v. Kressin,* 2 M.J. 283 (A.F.C.M.R.1976), and Schinasi, Special Findings: Their Use at Trial and on Appeal, 87 Mil.L.Rev. 73, 108 (Winter 1980).

That, in light of the reasons recited by Colonel Sachse in his action of 23 August, the reasons cited are identical to the facts contained in the authenticated record;

That the authenticated record was never in fact shown to Colonel Sachse; and

That the sentence limitation mandated in the referral to this court by Colonel Sachse is in fact the sentence limitation mandated by the Manual for Courts-Martial.

Those are my special findings of fact and law.

