# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, MORRIS, and COOPER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant JASON L. BAILEY**
**United States Army, Appellant**

ARMY 20220209

Headquarters, Fort Drum
James A. Barkei and Gregory R. Bockin, Military Judges
Colonel Robert C. Insani, Staff Judge Advocate

For Appellant: Lieutenant Colonel Dale C. McFeatters, JA; Jonathan F. Potter, Esquire; Major Rachel P. Gordienko, JA; Captain Rachel M. Rose, JA (on brief).

For Appellee: Lieutenant Colonel Jacquelin J. DeGaine, JA; Major Kalin P. Schlueter, JA; Captain Alex J. Berkun, JA; Captain Patrick S. Barr, JA (on brief).

18 October 2024

------------------------------------
OPINION OF THE COURT
------------------------------------

MORRIS, Judge:

Appellant asserts that special findings entered by the military judge pursuant to Rule for Courts-Martial [R.C.M.] 918(b) were inadequate and warrant setting aside his guilty findings and sentence. We disagree.[1] We will affirm the findings and sentence in our decretal paragraph.

## BACKGROUND

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of assault consummated by a battery upon a spouse and one specification of assault by strangulation, in violation of Articles 128 and 128b, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 928b [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and

---

[1] We have also given full and fair consideration to the matter personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and determine it merits neither discussion nor relief.

reduction to the grade of E-1. The convening authority took no action on the findings or sentence.

The charges of which appellant was found guilty stem from an incident between appellant and his wife, ███ that occurred in the early morning hours of 1 January 2021. Appellant and his wife had been drinking with a friend earlier in the evening. After the friend left, an argument broke out between appellant and ███ culminating with appellant punching his wife in the face, wrapping his arm around her neck, and strangling her until ███ lost consciousness. Upon regaining consciousness, appellant confronted ███ and placed his hand over her mouth after blaming BB for the altercation. ███ then ran to the bathroom and observed that her face was swollen and that her nose was cut and bloody. Eventually, ███ retreated upstairs and hid in a bedroom closet, where she called her mother via FaceTime and then 911.

███ Army Criminal Investigative Division (CID) agents arrived to a visibly upset ███, with injuries on her face and the bridge of her nose. The responding agents documented those injuries, as well as injuries to the arm and face of appellant, who claimed ███ had assaulted him. CID also recovered video footage from cameras inside the home. Though the assault itself was not visually depicted, appellant can be heard mumbling, "I shouldn't have choked you." The recordings also captured ███ screaming about appellant having punched her in the face and appellant's unconvincing denials regarding his acts. Portions of these videos, as well as photographs of ███ were later admitted in appellant's subsequent court-martial.

Appellant employed a two-pronged strategy at trial—attempting to establish self-defense, while attacking ███'s credibility and asserting she possessed a character for violence. To that end, appellant successfully admitted the photographs taken when law enforcement arrived at the house, which showed what looked like marks on appellant's neck. Both government and defense counsel examined witnesses who offered conflicting accounts of ███'s character, both for truthfulness and for violence.

Prior to findings being announced, appellant requested "that any finding of guilt be accompanied by an explanation of the facts the military judge utilized to find the Accused guilty beyond a reasonable doubt." Appellant also requested special findings as "to the elements of the offense of which accused has been found guilty, and any affirmative defense relating thereto."

Shortly after findings were announced, the military judge read his special findings into the record.[2] For the strangulation specification, the military judge found:

(1) That at or near Fort Drum, New York, on or about 1 January 2021, the accused, Sergeant (E-5) Jason L. Bailey, U.S. Army, assaulted Mrs. ███ by strangling her neck with his arm.
(2) That, at the time, Mrs. ███ was the spouse of the accused.

Regarding the domestic violence specification, the military judge found:

(1) That at or near Fort Drum, New York, on or about 1 January 2021, the accused, Sergeant (E-5) Jason L. Bailey, U.S. Army, did bodily harm to Mrs. ███ by unlawfully striking her in the face with his hand;
(2) That the bodily harm was done unlawfully;
(3) That the bodily harm was done with force or violence; and
(4) That Mrs. ███ was then the spouse of the accused.

The military judge also found there were no reasonable grounds for appellant to believe ███ was about to inflict bodily harm upon him; that appellant, therefore, beyond a reasonable doubt did not act in self-defense; and the court had "resolved all issues of credibility" prior to entering findings. Trial defense counsel did not object to either the form or content of the military judge's special findings upon their announcement.

Appellant now argues, for the first time on appeal, the special findings entered by the military judge under R.C.M. 918(b) were inadequate. Specifically, they argue the special findings provided by the military judge fell far short of the standard to address elements and affirmative defenses and identify the facts supporting each element and any affirmative defense. Appellant further argues because the military judge failed to address his application of the facts to the law, this court cannot properly evaluate the legal sufficiency of appellant's conviction.

## LAW AND DISCUSSION

Rule for Courts-Martial 918(b) provides:

In a trial by court-martial composed of military judge alone, the military judge shall make special findings upon request by any party.

---

[2] The special findings were reduced to writing by the military judge prior to being announced. These written findings were attached to the record as an appellate exhibit.

> Special findings may be requested only as to matters of fact reasonably
> in issue as to an offense and need be made only as to offenses of which
> the accused was found guilty.

"Special findings are to a bench trial as instructions are to a trial before members."
*United States v. Falin*, 43 C.M.R. 702, 704 (A.C.M.R. 1971) (internal citations
omitted). As such, "[s]pecial findings ordinarily include findings as to the elements
of the offenses of which the accused has been found guilty, and any affirmative
defense relating thereto." R.C.M. 918 discussion. Special findings are "designed to
preserve for appeal questions of law. It is the remedy designed to rectify judicial
misconceptions regarding: the significance of a particular fact, the application of
any presumption, or the appropriate legal standard." *Falin*, 43 C.M.R. at 704.
The purpose of special findings is to create a record to assess whether the military
judge identified and applied the correct legal standards, both as to elements of an
offense and potential defenses.

Thus, "a military judge is not required to make superfluous findings," *United
States v. Hussey*, 1 M.J. 804, 809 (A.F.C.M.R. 1976) (internal citations omitted), nor
are they required "to analyze in detail the evidence which led to certain findings or
to justify the findings which were made." *United States v. Orben*, 28 M.J. 172, 175
(C.M.A. 1989). Indeed, specific requests which are "really requests that the military
judge recapitulate all the evidence or summarize all the evidence on which he relied.
. . . need not be granted." *Id.*; *see also United States v. Matthews*, 68 M.J. 29, 38
(C.A.A.F. 2009) (holding "the deliberative process of judges is protected from
disclosure" by Military Rule of Evidence 509).[3] Instead, the court's findings and
conclusions must be adequate to enable intelligent appellate review. *Compare
United States v. Bohn*, 508 F.2d 1145, 1148 (8th Cir. 1975) (upholding trial court's
special findings when the court could "discern therefrom the legal and factual basis
of the trial court's verdict" and "appellants' ability to appeal all assignments of error
was not impaired"), *with Haywood v. United States*, 393 F.2d 780, 781 (5th Cir.
1968) (reversing appellant's conviction as the judge's finding "I am going to

---

[3] Our superior court, in *Matthews*, adopted "the prevailing federal common law rule
that the deliberative process of judges is protected from disclosure." 68 M.J., at 38.
In doing so, the court acknowledged the protections afforded to the court-martial are
distinct from a claim of "privilege" which requires affirmative invocation and can be
waived. *Id.* This heightened protection is grounded in the premise that "[t]he
prohibition against compelling the testimony of a judge is to protect the integrity of
the legal system itself" and to protect the court-martial from "frivolous attacks upon
its dignity and integrity, and interrupt[] . . . its ordinary and proper functioning." *Id.*
at 41 (internal citations and quotations omitted). "[T]he medium for evaluating a
military judge's reasoning" in almost all circumstances is the record of trial, and
nothing else. *Id.*

adjudicate him guilty—and there are two offenses I can find him on" was inadequate given appellant was charged with five separate counts).

A request for special findings does not require military judges to provide an exhaustive list of all facts they deemed relevant, nor all conclusions reached, in finding appellant guilty. For this court to order a military judge to do so when entering special findings would be for this court to ignore the key principle recognized by our superior court in *Matthews*—that the deliberative thoughts and justifications of the court-martial are not subject to compulsory disclosure, by either an appellate court or a party at trial. 68 M.J. at 38.

As was accomplished in this case, the military judge identified the correct elements to the offenses and articulated a factual basis for each element of each offense, accounting for any defenses reasonably raised by the evidence.[4] Once the military judge met this threshold, no additional facts were required.

In his special findings, the military judge clearly stated he considered all legal and competent evidence and the reasonable inferences to be drawn therefrom. He also weighed the credibility of the testifying witnesses and found beyond a reasonable doubt that self-defense, the only defense reasonably raised by the record, did not apply. The military judge ultimately found appellant guilty beyond a reasonable doubt of every element of The Specification of Charge I and Specification 1 of Charge II. Thus, we find appellant's objection to the nature and breadth of the military judge's special findings to be without merit.

Appellant requested special findings on the ultimate issue of guilt. As such, the military judge's special findings "are subject to the same appellate review as a general finding of guilt." *United States v. Truss*, 70 M.J. 545, 547 (Army Ct. Crim. App. 2011). Our de novo legal sufficiency analysis remains uninhibited by the military judge's special findings as "after viewing the evidence in the light most favorable to the prosecution, any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Wells*, 2024 CAAF LEXIS 552, at *5 (C.A.A.F. 24 Sep. 2024). As to our factual sufficiency review, appellant has neither made an assertion of error nor drawn our attention to any deficiency of proof.[5] Our court is precluded from conducting a factual sufficiency review absent "an assertion of error and a showing of a deficiency" by

---

[4] It does not change our analysis that the facts the military judge included in his special findings mirrored the facts on the charge sheet.

[5] The National Defense Authorization Act for Fiscal Year 2021 amended our factual sufficiency review, in all cases where every finding of guilty in the Entry of Judgment is for an offense occurring on or after 1 January 2021. Pub. L. No. 116-283, § 542(b), 134 Stat. 3612.

appellant. *United States v. Harvey*, ___ M.J. ___, 2024 CAAF LEXIS 502, at *5 (C.A.A.F. 6 Sep. 2024).

## CONCLUSION

On consideration of the entire record, the findings of guilty and sentence are AFFIRMED.

Senior Judge FLEMING and Judge COOPER concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court