# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI,[1] SIMS, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**

**Private E2 JONATHON L. TRUSS**
**United States Army, Appellant**

ARMY 20080988

Headquarters, Fort Drum
Andrew Glass and Theodore Dixon, Military Judges
Lieutenant Colonel Steven P. Hester, Staff Judge Advocate

For Appellant: Captain Richard M. Gallagher, JA (argued); Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Major Grace M. Gallagher, JA; Captain Todd Lindquist, JA (on brief); Major Laura Kesler, JA; Captain Richard M. Gallagher, JA (on supplemental filings).

For Appellee: Captain Frank E. Kostik, Jr., JA (argued); Major Christopher B. Burgess, JA; Lieutenant Colonel Jan E. Aldykiewicz, JA; Captain Michael J. Weniger, JA (on brief).

31 August 2011

------------------------------------
OPINION OF THE COURT
------------------------------------

GALLAGHER, Judge:

Appellant was convicted by a court-martial composed of a military judge alone of two specifications of sodomy and one specification of assault consummated by a battery in violation of Articles 125 and 128, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 925 and 928. In a single allegation of error, appellant contends that the convictions for sodomy cannot stand because his conduct was protected by the Supreme Court's ruling in *Lawrence v. Texas*, 539 U.S. 558 (2003). Finding no protected liberty interest, under the facts of this case, we affirm.

---

[1] Senior Judge TOZZI took final action in this case prior to his permanent change of duty station.

**FACTS**

On the evening of 10-11 April 2008, the victim, Private First Class (PFC) LY and three of his fellow soldiers, all of whom were friends, were drinking and "playing beer pong" in PFC LY's barrack's room. At some point, appellant joined the gathering. PFC LY recognized appellant from seeing him at work and at the barracks but had no prior social contact with him. In short, appellant just "showed up."

Prior to midnight, all the soldiers had departed the victim's barracks room and an intoxicated PFC LY went to sleep fully clothed. He failed to lock the door to his room, but was not expecting any other visitors that night.

At some point in the night, appellant returned to PFC LY's room, awakened the still intoxicated and now nauseated victim by shaking his shoulder, and asked "where are all the hoes at." Appellant then laid down next to PFC LY and told him to "suck my dick." PFC LY said "no." Appellant then grabbed PFC LY's head and pushed PFC LY's head to appellant's penis and held it there the entire time PFC LY performed oral sodomy on appellant. Immediately thereafter, appellant removed PFC LY's pants without his assistance and anally sodomized PFC LY, again over some degree of verbal protestation. Following the anal sodomy, appellant again asked PFC LY "to suck his dick" and PFC LY again refused. In anger, appellant urinated on PFC LY, to include his face, for which he was convicted of assault consummated by battery.

As to Charge II, the military judge found:

> Of Specification 1 of Charge II: Guilty, except the words,
> "by force and without the consent of the said PFC LY"
> Of the excepted words, Not Guilty.

> Of Specification 2 of Charge II: Guilty, except the words,
> "by force and without the consent of the said PFC LY"
> Of the excepted words, Not Guilty.

> Of Charge II: Guilty

Following his announcement of findings, the military judge announced that he had considered *Lawrence* as it related to the charge and specifications involving sodomy and made the following special findings:

> The conduct of the accused occurred in the early morning
> hours in a barracks room after an evening of drinking
> alcohol. Both the accused and [PFC LY] were intoxicated.

> They are both young soldiers that were assigned to the
> same company. The court does not find consent by [PFC
> LY], although the court finds a failure of proof beyond a
> reasonable doubt of the lack of consent.

Following extenuation and mitigation, the military judge sentenced appellant to a bad-conduct discharge, confinement for thirty (30) months, forfeiture of all pay and allowances, and reduction to the grade of E1, with a further notation that he had "adjudged the maximum sentence authorized for Charge III [assault consummated by battery] and its specification." The convening authority approved the adjudged sentence.

## LAW AND DISCUSSION

### *Special Findings*

Pursuant to Article 51(d), UCMJ, 10 U.S.C. § 851(d) and Rule for Court Martial [hereinafter R.C.M.] 918(b), in a trial "by court-martial composed of military judge alone," the military judge is required to make special findings of fact under certain circumstances upon proper request. Historically, even without a request, the military judge may make such special findings as deemed appropriate. *United States v. Gibson*, 44 C.M.R. 333, 338 n.2 (A.C.M.R. 1971); *see also United States v. Hussey*, 1 M.J. 804, 808 (A.F.C.M.R. 1976); *Rivera v. Harris,* 643 F.2d 86, 95 (2d Cir. 1981) (finding it desirable for the judge to make special findings sua sponte), *rev'd on other grounds*, 454 U.S. 339 (1981). Article 51(d), UCMJ is derived from Rule 23(c) of the Federal Rules of Criminal Procedure [hereinafter Fed.R.Crim.P.], which is viewed as an important right of the defendant in a non-jury criminal case. *United States v. Gerard*, 11 M.J. 440, 441 (C.M.A. 1981). In this regard, special findings may be made "whenever the judge concludes that the record does not adequately reflect all significant matters considered when 'the trial court saw and heard the witnesses.' (*See* Article 66(c), UCMJ.)" Dep't of Army, Pam 27-9, Legal Services: Military Judge's Benchbook, Appendix F, para. F-1, note 3 (01 January 2010).

"The need to have trial judges set forth their conclusions of law and determinations of fact has always been viewed as a method of insuring compliance with the law, and for effecting justice." Lee D. Schinasi, *Special Findings: Their Use at Trial and on Appeal*, 87 Mil.L.Rev. 73, 75 (Winter 1980)(citing *Norris v. Jackson,* 76 U.S. 125 (1870)).

> Special findings are to a bench trial as instructions are to a
> trial before members. Such procedure is designed to
> preserve for appeal questions of law. *Cesario v. United
> States*, 200 F.2d 232, 233 (1st Cir. 1952). It is the remedy

> designed to rectify judicial misconceptions regarding: the
> significance of a particular fact, *Wilson v. United States*,
> 250 F.2d 312, 325 (9th Cir. 1958); the application of any
> presumption, *Howard v. United States*, 423 F.2d 1102,
> 1104 (9th Cir. 1970); or the appropriate legal standard,
> *United States v. Morris*, 263 F.2d 594 (7th Cir. 1959).

*United States v. Falin*, 43 C.M.R. 702, 704 (A.C.M.R. 1971).

We adopt the standards applied to appellate review of special findings under Fed.R.Crim.P. 23(c), for appellate review of special findings under R.C.M. 918(b). 2 Steven A. Childress & Martha S. Davis, *Federal Standards of Review* § 10.04 (3d Ed. 1999).  Special findings for an ultimate issue of guilt or innocence are subject to the same appellate review as a general finding of guilt, while other special findings are reviewed for clear error.  *United States v. Jones*, ACM 37122, 2009 WL 1508418, \*3 (A.F. Ct. Crim. App. 29 Apr. 2009); *United States v. McMurrin*, 69 M.J. 591 (N.M. Ct. Crim. App. 2010).  "We review legal and factual sufficiency de novo." Article 66(c), UCMJ; 10 U.S.C. § 866(c); *United States v. Washington,* 57 M.J. 394, 399 (C.A.A.F. 2002).  "The test for legal sufficiency is whether, considering the evidence in the light most favorable to the government, any rational trier of fact could have found the appellant guilty beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *United States v. Quintanilla,* 56 M.J. 37, 82 (C.A.A.F. 2001); *United States v. Turner,* 25 M.J. 324 (C.M.A. 1987).  "The test for factual sufficiency is whether, after weighing the evidence in the record of trial and allowing for the fact that we did not personally see and hear the witnesses, we ourselves are convinced of the appellant's guilt beyond a reasonable doubt." *Turner,* 25 M.J. at 325.  "Findings of fact will not be overturned unless they are clearly erroneous or unsupported by the record." *United States v. Leedy*, 65 M.J. 208, 213 (C.A.A.F.  2007).

The military judge properly used special findings in this case to clarify for appellate review a potential inconsistency between the general verdict of not guilty of forcible sodomy but guilty of sodomy in light of *Lawrence*.  Appellant argues, essentially, that the military judge's general finding which excepted the language "by force and without consent" is inconsistent with a finding of guilt of sodomy.  He contends the finding by exceptions brings appellant's conduct *ipso facto* within the constitutionally protected zone established by *Lawrence*.  We reject appellant's assertions.

In *United States v. Smith,* 39 M.J. 448, 451-452 (C.M.A. 1994), our superior court held that even though this court has fact finding capacity, this court could not make factual findings that would be inconsistent with a trial level fact finder's verdict of not guilty.  This case is distinctly different because of the military judge's special findings.  In this case, it is the trial level fact finder that made the

determination that PFC LY did not consent. As the fact finder, he saw and heard the witnesses and was in the best position to make the determination as to the fact of consent. Additionally, it was this same fact finder that explained how the general verdict was consistent with the special findings.

This is not a case where the special findings changed the nature of the offense or increased the punishment, because the prohibited conduct remains "unnatural carnal copulation." *See United States v. Nedeau*, 23 CMR 182 (C.M.A. 1957). In the instant case, the charge at all times remained "sodomy" under Article 125, UCMJ. Lack of consent is not a statutory element of Article 125, UCMJ. 10 U.S.C. § 925. However, both specifications included the extra words "by force and without consent." These words are sentence aggravators properly promulgated by the President. Article 56, UCMJ, 10 U.S.C. § 856; *United States v. Jones,* 68 M.J. 465, 472 (C.A.A.F. 2010) (Congress has delegated authority to the President to prescribe maximum punishment limitations). As sentence aggravators, they must be pled and proven beyond a reasonable doubt to enable the enhanced maximum sentence potential but are not necessary to obtain a conviction for the underlying offense. *United States v. Zachary,* 61 M.J. 813, 819 (Army Ct. Crim. App. 2005) (citing *United States v. Harris*, 45 C.M.R. 364, 367 (C.M.A. 1972)).

The special findings in this case are factual findings made in the context of evaluating the constitutionality of the specification pursuant to *Lawrence*, 539 U.S. 558, and are therefore reviewed for clear error. The special findings by the military judge, including the finding that PFC LY did not consent, were amply supported by the record in this case and were not clearly erroneous.

The special finding by the military judge explaining the excepted language of the general verdict is a mixed question of law and fact which pertains to the ultimate issue of guilt. Accordingly, we review this special finding the same as the general finding of guilt. In specifically finding that PFC LY did not consent, the military judge explained his general finding of "not guilty" to the excepted language "without consent" resulted from a failure of proof beyond a reasonable doubt of the lack of consent. This finding makes clear that the military judge applied the correct burden of proof to the sentence enhancing language, that being beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Harris*, 45 C.M.R. 367. Furthermore, it explains how the special finding that PFC LY did not consent can consistently coexist with the general verdict of "not guilty" to the excepted language in light of *Lawrence*.

We hold that the military judge's general and special findings are not inconsistent and are legally and factually sufficient. In light of the military judge's special findings, especially with regard to consent, we now analyze the criminal nature of appellant's conduct. *See United States v. Wilson*, 66 M.J. 39, 41 (C.A.A.F. 2008).

TRUSS – ARMY 20080988

*Constitutionality*

The constitutionality of a statute is a question of law we review de novo. *United States v. Neal*, 68 M.J. 289, 296-297 (C.A.A.F. 2010) (citing *United States v. Disney*, 62 M.J. 46, 48 (C.A.A.F. 2005)).  Constitutional challenges to Article 125 based on the Supreme Court's decision in *Lawrence* must be addressed on an as applied, case-by-case basis.  *United States v. Stirewalt*, 60 M.J. 297, 304 (C.A.A.F. 2004) (citing *United States v. Marcum*, 60 M.J. 198 (C.A.A.F. 2004)).  CAAF also identified a tripartite framework for addressing *Lawrence* challenges within the military context.  *Marcum*'s three-part test asks:  (1) Was the conduct that the accused was found guilty of committing of a nature to bring it within the liberty interest identified by the Supreme Court?  (2) Did the conduct encompass behavior or factors identified by the Supreme Court as outside the analysis in *Lawrence*?  (3) Are there additional factors relevant solely in the military environment that affect the nature of each of the *Lawrence* liberty interests?  *Marcum*, 60 M.J. at 206-07.

The essence of appellant's argument is that a finding of not guilty of forcible sodomy due to a failure of proof *ipso facto* draws his otherwise unprotected criminal conduct into the sphere of a protected liberty interest.  Appellant is mistaken.  The facts of this case remove appellant's convictions for sodomy from the ambit of *Lawrence v. Texas*.

Petitioners in *Lawrence* were "two adults who, with full and mutual consent from each other, engaged in sexual practices common to a homosexual lifestyle . . . . Their right to liberty under the Due Process Clause [gave] them the full right to engage in their conduct without intervention of the government."  539 U.S. at 578 (citation omitted).  See *Marcum,* 60 M.J. at 203 (C.A.A.F. 2004).  In *Lawrence*, there was never a question or issue regarding the consensual nature of the petitioners conduct.  In *Marcum*, our Superior court assumed without deciding that the "jury verdict of non-forcible sodomy" placed the act of sodomy occurring off-base and in private within the *Lawrence* liberty interest.  In this case we are squarely presented with special findings by the military judge sitting as the fact finder that PFC LY did not consent to the acts of sodomy.  The events in a Fort Drum, New York, barracks room on the evening of 10–11 April 2008 between appellant and PFC LY bear little or no relation to the conduct giving rise to the *Lawrence* litigation.

Using the three-prong test set forth by the Court of Appeals for the Armed Forces in *Marcum*, we answer the first question in the negative.  Appellant's conduct did not involve "private, consensual sexual activity between adults."  *Id* at 207.  Clearly shown by the facts elicited at trial and specifically found by the military judge, there was no consensual activity between PFC LY and appellant, a soldier with whom PFC LY had no existing personal relationship.

6

Additionally, we find the third prong of Marcum to be applicable. That being whether there are additional factors relevant solely in the military environment that affect the nature and reach of the *Lawrence* liberty interest. *Marcum*, 60 M.J. at 207. The military has a unique need for unit cohesion and discipline that does not necessarily exist outside of the military environment. The nonconsensual nature of the prohibited sexual contact occurring in the barracks between and two young intoxicated members of the same company remove this case from the nature and reach of the *Lawrence* liberty interest. Appellant's act of sodomizing PFC LY in PFC LY's barracks room, without PFC LY's consent, not only violates the trust between soldiers, but also compromises unit cohesion and discipline.

## CONCLUSION

On consideration of the entire record, including consideration of the issues personally specified by the appellant, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge TOZZI and Judge SIMS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

7