# Matter of Jose Juan CHAVEZ-ALVAREZ, Respondent

*Decided March 14, 2014*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  Adjustment of status constitutes an "admission" for purposes of determining an alien's removability under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as an alien convicted of an aggravated felony "at any time after admission." *Matter of Rosas*, 22 I&N Dec. 616 (BIA 1999), reaffirmed.

(2)  An element listed in a specification in the Manual for Courts-Martial ("MCM"), which must be pled and proved beyond a reasonable doubt, is the functional equivalent of an "element" of a criminal offense for immigration purposes.

(3)  The crime of sodomy by force in violation of article 125 of the Uniform Code of Military Justice, 10 U.S.C. § 925 (2000), and the Punitive Articles of the MCM relating to sodomy, is a crime of violence under 18 U.S.C. § 16 (2012) within the definition of an aggravated felony under section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (2012).

FOR RESPONDENT:  Valerie A. Burch, Esquire, Harrisburg, Pennsylvania

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Jeffrey T. Bubier, Senior Attorney

BEFORE:  Board Panel:  PAULEY, GUENDELSBERGER, and MALPHRUS, Board Members.

PAULEY, Board Member:

In a decision dated March 5, 2013, an Immigration Judge found the respondent removable under sections 237(a)(2)(A)(ii) and (iii) of the Immigration and Nationality Act, 8 U.S.C. §§ 1227(a)(2)(A)(ii) and (iii) (2012), as an alien convicted of two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, and as an alien convicted of an aggravated felony at any time after admission. The Immigration Judge also found the respondent ineligible for a waiver of inadmissibility under section 212(h) of the Act, 8 U.S.C. § 1182(h) (2012), and ordered him removed to Mexico. The respondent has appealed from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who initially entered the United States without inspection and later adjusted his status to that of a lawful permanent resident. Subsequently, on December 12, 2000, the respondent, a member of the United States Army, pled guilty in a General Court-Martial to providing false statements, sodomy by force, and indecent assault in violation of articles 107, 125, and 134 of the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. §§ 907, 925, and 934 (2000). He was sentenced to confinement for a period of 18 months.

In a written decision dated November 1, 2012, the Immigration Judge found that the respondent's offense of sodomy by force, or "forcible sodomy," is a crime of violence under 18 U.S.C. §§ 16(a) and (b) (2012) and that he was sentenced to an aggregate term of 18 months for his three convictions. The Immigration Judge therefore concluded that the respondent's conviction is for an aggravated felony under section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (2012). In addition, the Immigration Judge determined that the respondent's convictions for sodomy by force and providing false statements are for crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. He therefore found the respondent removable as charged on both grounds. On March 5, 2013, the Immigration Judge issued another written decision denying the respondent's request to apply for a "stand alone" waiver under section 212(h) of the Act. The Immigration Judge also rendered an oral decision on March 5, 2013, incorporating his prior written decisions and ordering the respondent removed from the United States to Mexico.

On appeal, the respondent argues that he is not removable as an alien convicted of an aggravated felony because he has never been "admitted" to the United States. He also claims that sodomy by force is neither a crime of violence nor a crime involving moral turpitude. Moreover, he contends that his sodomy and false statement offenses were committed as part of the same criminal event, so he is not removable under section 237(a)(2)(A)(ii) of the Act. Finally, he argues that he is eligible for a "stand alone" or nunc pro tunc section 212(h) waiver.

## II. ANALYSIS

### A. Adjustment of Status as an "Admission" for Purposes of Removability Under Section 237(a)(2)(A)(iii) of the Act

Section 237(a) of the Act provides that the grounds of deportability apply only to aliens "in and admitted to the United States." The respondent

was charged with being removable under section 237(a)(2)(A)(iii) of the Act as an alien who has been convicted of an aggravated felony "at any time after admission." He argues that this charge cannot be sustained because he entered the United States without inspection and has never been "admitted" within the meaning of section 101(a)(13)(A) of the Act, which provides that the terms "admission" and "admitted" mean the lawful entry of an alien into the United States after inspection and authorization by an immigration officer.

We held in *Matter of Rosas*, 22 I&N Dec. 616, 619 (BIA 1999), that the phrase "after admission" in section 237(a)(2)(A)(iii) of the Act includes an alien who has been "lawfully admitted for permanent residence" pursuant to a grant of adjustment of status, because aliens who have obtained lawful permanent resident status through the adjustment process are considered to have accomplished an "admission" to the United States. Further, as we noted in *Matter of Alyazji*, 25 I&N Dec. 397, 399 (BIA 2011), the class of aliens "in and admitted to the United States" consists of (1) those who entered the United States with the permission of an immigration officer after being inspected at a port of entry; and (2) those who entered the United States without permission or were paroled but who subsequently became lawful permanent residents. Members of the second group, like the respondent, have never been "admitted" within the literal meaning of section 101(a)(13)(A) of the Act, but once they obtain lawful permanent resident status, they are assimilated to the same status as one who has been admitted at the border with an immigrant visa. *Id.* at 399; *Matter of Rosas*, 22 I&N Dec. at 619; *see also Matter of V-X-*, 26 I&N Dec. 147, 151 (BIA 2013).

We have considered adjustment of status as a form of "admission," not only for purposes of determining inadmissibility and removability but also for establishing eligibility for relief from removal. *See, e.g.*, *Matter of E.W. Rodriguez*, 25 I&N Dec. 784 (BIA 2012); *Matter of Rodarte*, 23 I&N Dec. 905, 908 (BIA 2006). While recognizing that the plain language of section 101(a)(13)(A) of the Act does not mandate this interpretation of the term "admission," we have concluded that it is both consistent with the statutory scheme as a whole and warranted to avoid absurd consequences. *See, e.g.*, *Matter of E.W. Rodriguez*, 25 I&N Dec. at 789 (listing cases). *See generally Demarest v. Manspeaker*, 498 U.S. 184, 190 (1991) (stating that the terms of an unambiguous statute are controlling except in the rare and exceptional circumstances "where the application of the statute as written will produce a result 'demonstrably at odds with intentions of its drafters'" (citation omitted)).

We acknowledge, however, that this position has not generally been well received by the courts of appeals, including the United States Court of Appeals for the Third Circuit, in whose jurisdiction this case arises. In fact, the courts that have considered the issue have thus far rejected our position that an adjustment of status virtually always constitutes a form of "admission." However, to our knowledge, in only one case has the lack of acceptance been in the context of an alien's removability under section 237(a) of the Act, rather than eligibility for relief from removal.[1] Significantly, that lone exception did not involve removability for conviction of an aggravated felony, as is the case here.

Moreover, most of the cases have considered the issue in regard to the language in section 212(h), which bars eligibility for that relief to certain aliens who have "previously been admitted to the United States as an alien lawfully admitted for permanent residence." The courts have construed this as plain language that requires the alien's initial admission at the time of entry to have been as a lawful permanent resident. For example, in *Hanif v. Attorney General of the U.S.*, 694 F.3d 479 (3d Cir. 2012), the Third Circuit held in the context of a section 212(h) application that an alien who entered the United States illegally and later was "lawfully admitted for permanent residence" through adjustment of status has never been "admitted" and therefore remained eligible for a waiver.

We recognize that not every decision is distinguishable on this basis. Many rely on the definition of an "admission" in section 101(a)(13)(A) of the Act in finding that a post-entry adjustment of status does not constitute an "admission." *See, e.g.*, *Papazoglou v. Holder*, 725 F.3d 790 (7th Cir. 2013); *Bracamontes v. Holder*, 675 F.3d 380 (4th Cir. 2012); *Lanier v. U.S. Att'y Gen.*, 631 F.3d 1363 (11th Cir. 2011); *Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008). To the extent that these decisions find the term "admission" to be unambiguous and do not produce results that are absurd or bizarre in the context of the specific factual scenario presented, we are bound to apply them. However, we continue to respectfully disagree with this interpretation of the term "admission."

Nevertheless, these decisions, including *Hanif*, are not controlling in this case. In *Hanif*, the Third Circuit found there was no absurdity in holding that an adjustment of status was not an "admission" for purposes of determining an alien's eligibility for relief. However, it did not purport to

---

[1] The sole exception is *Ortiz-Bouchet v. U.S. Attorney General*, 714 F.3d 1353 (11th Cir. 2013), in which the Eleventh Circuit held that deportability for previous inadmissibility under section 212(a)(7)(A)(i) of the Act does not extend to adjustees because they are not "applicants for admission" within that provision.

extend that ruling to cases where, as here, the issue is whether an alien is removable under section 237(a)(2)(A)(iii) of the Act based on his conviction for an aggravated felony.  In fact, we are aware of no court decision disagreeing with our view that it would be absurd to find that an alien who adjusted status within the United States and was thereafter convicted of an aggravated felony was not removable because his adjustment was not an "admission" under the literal definition of that term in section 101(a)(13)(A) of the Act.

The Ninth Circuit is among the courts that find no absurdity in holding that adjustment of status is not an "admission" for purposes of determining an alien's eligibility of relief.  *See Vasquez de Alcantar v. Holder*, 645 F.3d 1097 (9th Cir. 2011).  However, it has agreed with our position that there should be no loophole in the law that would allow an alien who enters the country without inspection and adjusts status to avoid removal if he or she subsequently commits an aggravated felony.  *Ocampo-Duran v. Ashcroft*, 254 F.3d 1133, 1134−35 (9th Cir. 2001).  Similarly, other courts that have declined to recognize adjustment of status as an "admission" in the context of relief from removal have expressly reserved the issue.  *See Leiba v. Holder,* 699 F.3d 346, 354−55 (4th Cir. 2012).

Even assuming that we accepted the view that adjustment of status is not an admission in other contexts, we would not consider it controlling in determining whether an alien convicted of an aggravated felony is removable where the only possible basis for deeming him "admitted" is an adjustment of status.  Such aliens are not subject to section 212(a) grounds of inadmissibility because they are not seeking admission or applying for a visa.  Consequently, unless their adjustment of status qualifies as an "admission," they would not be removable from the United States, even though they have been convicted of an aggravated felony.  We agree with the Ninth Circuit that this is clearly not a result that Congress could have intended.  *Ocampo-Duran v. Ashcroft*, 254 F.3d at 1135; *accord Matter of Rosas*, 22 I&N Dec. 616.  We therefore find that if the respondent was convicted of an aggravated felony, he was properly charged under section 237(a)(2)(A)(iii) of the Act, because his conviction occurred after his "admission" by way of adjustment of status.

## B.  Crime of Violence

The respondent argues that he is not removable on the ground that he was convicted of an aggravated felony because his sodomy offense is not a crime of violence and he was not sentenced to more than 1 year in prison for the offense.

The Immigration Judge determined that the offense of sodomy by force to which the respondent pled guilty requires force as an element. In reaching this conclusion, the Immigration Judge found that the respondent's charge of sodomy under article 125 of the UCMJ, 10 U.S.C. § 925, includes the element of force set forth in the Punitive Articles under Part IV of the Manual for Courts-Martial, United States ("MCM"), which also serves as an aggravating factor that may result in a sentencing enhancement. He concluded that the MCM has the force and effect of law and that the provisions of the MCM are analogous to implementing regulations and case law, which are relevant for consideration of a conviction under the categorical approach. In particular, the Immigration Judge cited the elements of the MCM relating to a sodomy offense under article 125 of the UCMJ, which, at the time of the respondent's offense, included the following:

> 51. Article 125—Sodomy
>
> . . .
>
> b. *Elements*
>
>   (1)    That the accused engaged in unnatural carnal copulation with a certain other person or with an animal.
>
> (Note:  Add either or both of the following elements, if applicable)
>
>   (2)    That the act was done with a child under the age of 16.
>
>   (3)    That the act was done by force and without the consent of the other person.

MCM, pt. IV, ¶ 51(b), at IV-78 (2000).

The respondent challenges the Immigration Judge's findings on appeal, arguing that the MCM is not binding authority and that the specifications included in the MCM are not statutory elements of 10 U.S.C. § 925 but are, instead, "grading" or aggravating factors for purposes of sentencing enhancement. He relies on *Jean-Louis v. Attorney General of the U.S.*, 582 F.3d 462, 468 (3d Cir. 2009), which states that the conduct included under a "grading" section under Pennsylvania law is not a material element of the offense. He therefore contends that these specifications cannot be considered as elements of his offense.

We disagree. The respondent is correct that the phrase "by force and without the consent" of the victim in the charge, or specification, to which he pled guilty is not a statutory element of 10 U.S.C. § 925. *See, e.g.*, *United States v. Truss*, 70 M.J. 545, 547 (A. Ct. Crim. App. 2011); *United States v. Zachary*, 61 M.J. 813, 819 & n.13 (A. Ct. Crim. App. 2005). However, the sentence aggravator "by force and without consent" must be "pled and proven beyond a reasonable doubt to enable the enhanced maximum sentence potential." *United States v. Truss*, 70 M.J. at

547; *see also* MCM, pt. IV, at IV-1 ("The term 'elements,' as used in Part IV, includes both the statutory elements of the offense and any aggravating factors listed under the President's authority which increases the maximum permissible punishment when specified aggravating factors are pleaded and proven.")  We have held that for immigration purposes a sentence enhancement can serve as the functional equivalent of an "element" of an offense where, under the law of the convicting jurisdiction, a sentencing factor had to be proved to a jury beyond a reasonable doubt if it was not admitted by the defendant. *Matter of Martinez-Zapata*, 24 I&N Dec. 424, 429−30 (BIA 2007) (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).[2]

We see no reason to reach a different result in the context of a sentence enhancement in a military court-martial.  Because the respondent's conviction for sodomy by force under article 125 of the UCMJ required proof beyond a reasonable doubt that he acted by force and without the consent of the victim, it qualifies as a conviction in the same manner as if the statute contained such an enhancement as a formal element of the offense. *United States v. Wilson*, 66 M.J. 39, 41 (C.A.A.F. 2008) (stating that where there was both a charge and a specification setting forth a violation of article 125 of the UCMJ, the Government was required to prove the elements in the statutory text and in the MCM); *see also United States v. Taylor*, 644 F.3d 573, 575 n.1 (7th Cir. 2011) (noting that courts-martial recognize the offense of "forcible sodomy," of which "force" is an element that is added under article 125 of the UCMJ, as applicable (citing *United States v. Rangel*, 64 M.J. 678, 684 (A.F. Ct. Crim. App. 2007)), *cert. denied*, 132 S. Ct. 1049 (2012); *United States v. Holmes*, 672 F. Supp. 2d 739, 744 (E.D. Va. 2009) (holding that the MCM sets forth the elements of a sodomy offense under article 125 of the UCMJ); *Matter of Martinez-Zapata*, 24 I&N Dec. at 430.

Moreover, the Supreme Court has held that the MCM has the force of law unless it is contrary to, or inconsistent with, the statute enacted

---

[2]  The respondent argues that in *Jean-Louis v. Attorney General of the U.S.*, 582 F.3d at 466−67, the Third Circuit stated that under the categorical approach, only the statutory elements of the offense may be considered—not any aggravating factors employed to increase punishment.  However, that case involved a simple assault statute with a "grading" factor, which the court found did not specify the minimum culpability required to trigger enhanced penalties.  The court held that the simple assault offense plus an aggravating factor was not a crime involving moral turpitude because under Pennsylvania law, "[w]here the conduct is included under a statutory section entitled, 'grading,' rather than under the 'definition' of the offense, the conduct is *per se* not an 'element' of the offense." *Id.* at 468.  Thus, the Third Circuit's holding is limited to the specific facts of that case under Pennsylvania law.

by Congress. *Noyd v. Bond*, 395 U.S. 683, 692 (1969); *see also Hamdan v. Rumsfeld*, 548 U.S. 557, 621−24 (2006) (rejecting the Government's attempt to deviate from the procedures governing courts-martial set forth in the MCM); *United States v. Holmes*, 672 F. Supp. 2d at 744 (noting that the MCM has the force and effect of law, because it sets forth the regulations governing all courts-martial). Contrary to the respondent's assertion, the President was authorized under the UCMJ to promulgate different maximum authorized punishments for an offense based on specific facts, and these aggravating factors have the effect of law. *United States v. Wilson*, 66 M.J. at 41−42. Accordingly, we conclude that the requirement that the respondent's sodomy was "done by force and without the consent of the other person" is an element of his offense that had to be proved for conviction.[3] MCM, pt. IV, ¶ 51(b), at IV-78.

The respondent also argues that the Immigration Judge erred in finding that his offense is a crime of violence under 18 U.S.C. § 16 because force is not an element of 10 U.S.C. § 925. This case involves the sexual offense of sodomy by force, which, as discussed above, requires proof that the respondent acted "by force and without the consent of the other person" as an element of the offense. MCM, pt. IV, ¶ 51(b), at IV-78. We therefore agree with the Immigration Judge that the respondent's offense is a crime of violence under 18 U.S.C. § 16(a), which is defined as an offense "that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See Matter of Ramon Martinez*, 25 I&N Dec. 571, 572−73 (BIA 2011).

We also find that the respondent's offense is a crime of violence under § 16(b). The focus in assessing whether an offense is a crime of violence under § 16(b) is on whether the offense, by its nature, involves a substantial risk that the perpetrator will resort to intentional physical force in the course of committing the crime. *Matter of U. Singh*, 25 I&N Dec. 670, 677 (BIA 2012). We look to the risk of violent force that is present in the "ordinary" case to determine whether, given the inherent nature of the crime, there is a substantial risk that the perpetrator will intentionally use physical force. *Id.* at 678; *Matter of Ramon Martinez*, 25 I&N Dec. at 573−74; *see also Leocal v. Ashcroft*, 543 U.S. 1, 10−11 (2004). In the context of sexual assault, we have held that there is a substantial risk that, to achieve nonconsensual penetration, the offender will intentionally use force to overcome the victim's natural resistance against participating in unwanted intercourse. *Matter of U. Singh*, 25 I&N Dec. at 676

---

[3] Consequently, there is no issue in this case regarding the divisibility of the statute of conviction with respect to the forcible nature of the respondent's sodomy offense. *See Descamps v. United States*, 133 S. Ct. 2276 (2013).

(citing *Aguilar v. Att'y Gen. of U.S.*, 663 F.3d 692 (3d Cir. 2011)). Similarly, we find that the respondent's sexual offense of sodomy by force, which requires physical force and lack of the victim's consent for a conviction, by its nature involves a substantial risk that the perpetrator will resort to intentional physical force in the course of committing the crime. *See United States v. Bradley*, 28 M.J. 197 (C.M.A. 1989).

The respondent also challenges the Immigration Judge's finding that the aggregate sentence of 18 months for his three convictions applies to each conviction and thus satisfies the requirement of section 101(a)(43)(F) of the Act that his conviction for a crime of violence resulted in a sentence to a term of imprisonment of at least 1 year. The Immigration Judge relied on *Matter of S-*, 3 I&N Dec. 460 (BIA 1948), which we agree supports his conclusion that the respondent's general sentence applies to his conviction for sodomy by force. *See also Martinez v. Nagle*, 53 F.2d 195 (9th Cir. 1931).

Because we conclude that the respondent has been convicted of an aggravated felony as defined in section 101(a)(43)(F) of the Act and he is removable under section 237(a)(2)(A)(iii), we need not reach his contention that he is not removable under section 237(a)(2)(A)(ii) as an alien convicted of two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

## C. Waiver of Inadmissibility Under Section 212(h) of the Act

The Immigration Judge also concluded that the respondent is not eligible for a "stand alone" waiver of inadmissibility under section 212(h) of the Act. The respondent challenges this finding, arguing that *Matter of Sanchez*, 17 I&N Dec. 218 (BIA 1980), is still applicable and that the Immigration Judge should have found that he "entered" the United States when he was released from serving his military sentence and remained in the United States.

As the Immigration Judge concluded, the concept of entry has been replaced by the term "admission," and the entry doctrine no longer applies in this case. Under the governing case law of the Third Circuit, because the respondent became a lawful permanent resident subsequent to his entry into the United States, he is not precluded from seeking a section 212(h) waiver based on his conviction for an aggravated felony. *See Hanif v. Att'y Gen. of U.S.*, 694 F.3d 479. However, under *Matter of Rivas*, 26 I&N Dec. 130, 132, 134 (BIA 2013), which was issued after the Immigration Judge's decision in this case, the respondent is ineligible for a "stand alone" section 212(h) waiver because he is neither an arriving alien seeking to waive a ground of inadmissibility nor an alien charged with being removable under

section 237(a) who seeks to waive inadmissibility in conjunction with an application for adjustment of status. Furthermore, we held in *Rivas* that *Matter of Sanchez* is no longer good law. *Id.* at 134.[4]

## III. CONCLUSION

In conclusion, we hold that in the context of determining an alien's removability under section 237(a)(2)(A)(iii) of the Act, an alien who has never been "admitted" to the United States within the literal meaning of section 101(a)(13)(A) but who has become a lawful permanent resident through adjustment of status has made an "admission." The respondent was convicted of sodomy by force, which is a crime of violence, because his conviction required proof that he acted by force and without the consent of the victim. His conviction was for an aggravated felony because he was sentenced to a term of imprisonment of more than a year. Since the respondent was convicted after his "admission" as a lawful permanent resident, he was convicted of an aggravated felony "at any time after admission" and is therefore deportable under section 237(a)(2)(A)(iii). Finally, the respondent is ineligible for a section 212(h) waiver of inadmissibility because he is not an arriving alien and he is not seeking a waiver in conjunction with an application for adjustment of status. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[4] We agree with the respondent that a returning lawful permanent resident charged with inadmissibility under section 212(a) of the Act, rather than under section 237(a), would be eligible for a section 212(h) waiver without an application for adjustment of status. *See Matter of Abosi*, 24 I&N Dec. 204 (BIA 2007). In *Matter of Rivas*, just as here, the respondent was charged with removability under section 237(a) because he was in the United States and was placed in removal proceedings, so *Rivas* did not discuss eligibility for a section 212(h) waiver in the context of inadmissibility.