# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, PENLAND, and MORRIS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class THOMAS N. CHAPMAN**
**United States Army, Appellant**

ARMY 20220557

Headquarters, U.S. Army Intelligence Center of Excellence and Fort Huachuca
Jacqueline L. Emanuel, Military Judge (arraignment and trial)
Michael E. Korte, Military Judge (motions hearing)
Lieutenant Colonel M. Eric Bahm, Staff Judge Advocate

For Appellant: Major Bryan A. Osterhage, JA; Jonathan F. Potter, Esquire (on brief and reply brief).

For Appellee: Colonel Christopher B. Burgess, JA; Major Timothy R. Emmons, JA; Captain Lisa Limb, JA (on brief).

10 January 2025

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MORRIS, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of solicitation, and one specification of possessing child pornography, one specification of distributing child pornography, one specification of receiving child pornography, and one specification of viewing child pornography in violation of Articles 82 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 882, 934 [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, thirty-five months of confinement and reduction to the grade of E-1.

This case is before the court for review pursuant to Article 66, UCMJ. Appellant alleges two assignments of error on appeal: (1) that his conviction for

solicitation is legally insufficient; and (2) that his conviction of four specifications, one each for possessing, distributing, receiving, and viewing child pornography are an unreasonable multiplication of charges for findings. Only the second merits discussion and relief.

Having fully considered all the pleadings and the entire record, we find that as the evidence was presented in this trial, including the military judge's sua sponte special findings, appellant's conviction of four separate child pornography offenses was an unreasonable multiplication of charges for findings and will merge the four specifications of Charge II into two specifications, dismiss the remaining two specifications, and reassess the sentence. We find appellant's conviction for solicitation legally sufficient and affirm the finding and sentence for Charge I.

## BACKGROUND

Appellant's convictions stem from his online activity which was flagged by SnapChat, Inc., and reported to the National Center for Exploited and Missing Children. Local authorities identified appellant was located at Fort Huachuca and coordinated with the Criminal Investigation Division to obtain a military search authorization and execute the search. On one of the phones seized pursuant to the search, authorities found over 8,300 images of child pornography, 2,200 of which were unique images. Authorities also obtained via subpoena from SnapChat, his communications on the platform during the charged timeframe.

Appellant was charged with numerous online crimes against children, including possessing, distributing, receiving, and viewing child pornography. Prior to trial, the defense challenged the charges on the grounds of multiplicity and unreasonable multiplication of charges. In response, the government posited that three of the specifications—for receiving, viewing, and possessing—were charged under an exigencies of proof theory. In his written ruling on the motion, the military judge acknowledged that the offenses of possessing, receiving, and viewing child pornography are very often multiplicious or unreasonably multiplied in charging. The military judge, however, found the facts presented at the hearing insufficient to demonstrate multiplicity or unreasonable multiplication of charges for findings. After denying the defense motion, the military judge invited defense counsel to re-raise the motion after the announcement of findings.

The military judge, who conducted appellant's motion hearing, was replaced at the contested trial by the military judge who conducted appellant's arraignment hearing. At trial, the military judge issued special findings sua sponte, identifying the specific images she relied on in finding appellant guilty beyond a reasonable doubt of each specification of Charge II. These findings made clear that the military judge rendered her findings from a narrow pool of images and videos, some of which were visually identical to one another.

In his renewed unreasonable multiplication of charges motion to merge the specifications for sentencing, defense counsel argued that the military judge's special findings established that the specifications for viewing and distribution occurred on the same date and as a part of the same act. Because of this, counsel argued, they should be merged. He also argued that given the overlap in images relied on for possessing and receiving specifications, those specifications should also be merged for sentencing. In addition to summarily rejecting defense counsel's argument, the military judge denied the renewed motion to merge the specifications without first asking for the government's position and then doubled-down on her findings decision by sentencing appellant to consecutive sentences for each child pornography offense.

Based on the military judge's special findings and the totality of the record, we find error and provide relief in our decretal paragraph.[1]

## LAW AND DISCUSSION

### *A. Special Findings*

"Special findings are to a bench trial as instructions are to a trial before members." *United States v. Falin*, 43 C.M.R. 702, 704 (A.C.M.R. 1971) (internal citations omitted). As such, "[s]pecial findings ordinarily include findings as to the elements of the offenses of which the accused has been found guilty, and any affirmative defense relating thereto." Rule for Courts-Martial [R.C.M.] 918 discussion. While special findings may be requested by either party, "the military judge may make such special findings as deemed appropriate." *United States v. Truss*, 70 M.J. 545, 546 (Army Ct. Crim. App. 2011). Special findings may be appropriate where "the judge concludes that the record does not adequately reflect all significant matters considered when the trial court saw and heard witnesses." *Id.* (citing Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, Appendix F, para. F-1, n. 3 (1 Jan. 2010)).[2] While superfluous findings are not required, the military judge's "findings and conclusions must be adequate to enable intelligent appellate review." *United States v. Bailey*, __ M.J. __, 2024 CCA LEXIS 440, at *6 (Army Ct. Crim. App. 18 Oct. 2024).

---

[1] We have also given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

[2] Identical guidance can be found in the current edition of the Military Judges' Benchbook. *See* Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, Appendix F, para. F-1, n. 3 (29 Feb. 2020).

When special findings do not go to the ultimate issue, but instead are factual determinations made by the military judge, this court reviews for clear error. *Truss*, 70 M.J. at 548. Under the "clearly erroneous" standard, findings of fact are set aside only when "there is no evidence in the record to support the finding or when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Harris*, 78 M.J. 434, 436 (C.A.A.F. 2019).

The military judge entered factual findings when she identified five files on Prosecution Exhibit 2 that contained child pornography "within the charged range that the court could link to." In doing so, the military judge distinguished Prosecution Exhibit 2 from several other exhibits admitted at trial. While these other exhibits contained over 2,000 unique images and videos of purported child sexual abuse material, the military judge found the dates associated with these files were either "outside of the range" charged by the government or could not be definitively proven.

This finding is not clearly erroneous. While the government successfully admitted large swaths of purported child pornography from appellant's phone via multiple prosecution exhibits, the government failed to account for the period from 11 August 2021 (the end date of appellant's charged date range) to 16 November 2021 (the date when appellant's phone was seized by law enforcement). The government also elicited testimony stating that the dates associated with a particular file could be derived from a variety of sources including its creation, modification, last accessed, or transfer date, and so the date "may not necessarily match up with the date that it was placed" on the phone. The words "on or about" in pleadings do not require the government "to prove the exact date [of an offense], if a date *reasonably near* is established." *United States v. Simmons*, 82 M.J. 134, 139 (C.A.A.F. 2022) (citations and internal quotations omitted) (emphasis in original). Our superior court "had held that 'on or about' connotes a range of days to weeks." *Id.* (citation omitted). Thus, given the government's evidence at trial (or lack thereof), this finding by the military judge is not clearly erroneous.

### B. Unreasonable Multiplication of Charges[3]

The impact of the military judge's special findings on appellant's unreasonable multiplication of charges analysis is one of first impression. By excluding most images and videos seized on appellant's phone, our assessment of appellant's case for an unreasonable multiplication of charges turns upon a much

---

[3] Our unreasonable multiplication of charges analysis is limited to the five images or videos the military judge identified in her special findings. Those findings also limit the scope of appellant's conviction of Charge II.

smaller universe—those files (and the digital images and videos within) contained on Prosecution Exhibit 2.

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." R.C.M. 307(c)(4). Thus, the prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001). When assessing whether an unreasonable multiplication of charges has occurred, military judges are tasked with determining "whether the action under review was reasonable or unreasonable" applying the factors articulated in *United States v. Quiroz*: "(1) Did the accused object at trial . . . .; (2) Is each charge and specification aimed at distinctly separate criminal acts?; (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?; (4) Does the number of charges and specification unreasonably increase the appellant's punitive exposure?; and (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges." *Id.* at 338-39 (internal quotations and citations omitted). Failure to grant relief for a preserved unreasonable multiplication of charges challenge is reviewed for an abuse of discretion. *United States v. Campbell*, 71 M.J. 19, 22 (C.A.A.F. 2012).

The military judge cited five unique files in support of her special findings. Two of those files were used to support guilty findings for the distribution and viewing specifications. In her discussion on the record with defense counsel concerning his renewed motion for unreasonable multiplication of charges for sentencing, the military judge posited that appellant must have viewed the files to decide which files to distribute.

The military judge used the remaining three files for the receiving and possession specifications. Each specification had one unique file and one shared file. While there was testimony establishing the days for receipt, the government charged only up to the approximate date of receipt. With no testimony connecting the possession specification to another date, this court cannot confirm appellant possessed two or more files on a date separate from the receipt.

The analysis utilizing the *Quiroz* factors is unique because an unreasonable multiplication of charges for findings occurred not entirely because of the government's charging decision, but mostly because of the way the evidence was admitted and the military judge's special findings that limited the pool of available evidence. Nonetheless, we reach the same outcome via an application of the *Quiroz* factors.

The first factor weighs in favor of appellant regarding unreasonable multiplication of charges for sentencing purposes because appellant renewed his

motion on this ground immediately after findings were rendered by the military judge.[4]

Applying the second factor to the charging scheme, while we note that each of the offenses addresses a distinct criminal purpose, by not connecting the offenses to a specific date either on the charge sheet or at trial, the government failed to identify which images were possessed, distributed, received, and viewed at any particular time, severely limiting the factfinder's ability to establish distinct criminal acts. *Compare with United States v. Craig*, 68 M.J. 399, 400 (C.A.A.F. 2010) (affirming separate convictions for receiving and possessing child pornography where appellant "received the files on one medium and stored them on another" (internal citations omitted)); *see also United States v. Escobar*, 2016 CCA LEXIS 199, at *6-8 (A.F. Ct. Crim. App. 24 Mar. 2016) (unpub. op.) (finding convictions for possessing and distributing child pornography were not unreasonably multiplied where the offenses involved "additional or affirmative steps" from the other). None of the specifications listed any specific images or video files and each specification charged the exact same range of dates for the offenses. To make matters more complicated, even to the extent that the government elicited testimony that established when appellant received or transferred a particular image, the military judge's special findings limited the value of that testimony.

As to the third and fourth factors, given the number of unique images found on his phone and the government's strategy of charging only two or more of those images for each specification, the number of charges and specifications, as originally charged by the government, neither misrepresented, nor exaggerated appellant's criminality, or unreasonably increased appellant's punitive exposure. That said, given the significant overlap between the files that the military judge identified in support of her special findings for each specification, we cannot say that each specification was aimed at distinctly separate criminal acts.[5] Appellant was unreasonably exposed to increased punitive exposure when the military judge

---

[4] It does not appear appellant renewed his motion for unreasonable multiplication of charges for findings purposes at the time the military judge announced her findings. Because we find in favor of appellant on the second, third, and fourth *Quiroz* factors, we do not find appellant's silence as to unreasonable multiplication of charges for findings purposes is dispositive to our analysis or decision.

[5] We pause to note the government tacitly acknowledged the possibility of this point during pretrial proceedings when it asserted the government charged possessing, receiving, and viewing child pornography "in the alternative for exigencies of proof," if the factfinder did not find a sufficient factual predicate for each specification. While such charging is permissive, guilty findings for such convictions should result in the merger or dismissal of excessive specifications. *E.g., United States v. Elespuru*, 73 M.J. 326, 329 (C.A.A.F. 2014).

denied the defense motion to merge any of the four specifications for sentencing purposes. As such, the third and fourth factors weigh in favor of appellant. Finally, there does not appear to be any evidence of prosecutorial overreaching in the drafting of the charges as each implicated multiple and significant criminal law interests, none necessarily dependent on the others. *Campbell*, 71 M.J. at 24. On balance, the analysis shows the *Quiroz* factors weigh in favor of appellant, though not by much.

As such, convicting and sentencing appellant, as the military judge did, exaggerated appellant's criminality in relation to the available evidence. Instead of bearing two convictions, one for viewing and distributing child pornography and one for receiving and possessing child pornography, appellant was burdened with the weight of four convictions. Finally, the military judge's decision to sentence appellant consecutively for each specification exacerbated her error. While the adjudged sentence for each specification was well under the statutory maximum for each offense, the decision to decline appellant's request for merger for sentencing purposes and then sentence him consecutively for each specification unreasonably increased his sentence.

### C. Sentence Reassessment

Having determined the four child pornography specifications under Charge II were unreasonably multiplied for findings and must be merged into two specifications in our decretal paragraph, we must determine what sentencing relief is appropriate.

This court holds broad discretion when reassessing sentences. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). As in some of our other recent cases, "we are in the unique position of knowing exactly what confinement punishment appellant received for each offense" as the military judge sentenced appellant for each discrete specification. *E.g.*, *United States v. Goundry*, ARMY 20220218, 2023 CCA LEXIS 204, at *4 (Army Ct. Crim. App. 6 Apr. 2023) (summ. disp.).

Appellant was sentenced to six months confinement each for possessing, receiving, and viewing child pornography, and seven months confinement for distributing child pornography, each sentence to be served consecutive with the others. Having decided that the child pornography specifications should be merged for findings from four specifications into two, we affirm the sentence adjudged for the distribution specification and the receiving specification and will set aside the remaining sentences imposed by the military judge.

## CONCLUSION

On consideration of the entire record, the finding of guilty to Charge I and its Specification are AFFIRMED. Specifications 2 and 4 and Specifications 1 and 3 of Charge II are consolidated to read as follows:

Specification 2, Charge II:

In that Private First Class (E-3) Thomas N Chapman, U.S. Army, did, at or near Fort Huachuca, Arizona, between on or about 1 February 2021 and on or about 11 August 2021, knowingly and wrongfully view and distribute child pornography, to wit: two or more digital images and videos of a minor, or what appears to be a minor, engaging in sexually explicit conduct, and that said conduct was of a nature to bring discredit upon the armed forces.

Specification 3, Charge II:

In that Private First Class (E-3) Thomas N Chapman, U.S. Army, did, at or near Fort Huachuca, Arizona, between on or about 1 February 2021 and on or about 11 August 2021, knowingly and wrongfully receive and possess child pornography, to wit: two or more digital images and videos of a minor, or what appears to be a minor, engaging in sexually explicit conduct, and that said conduct was of a nature to bring discredit upon the armed forces.

The findings of guilty to Specifications 2 and 3 of Charge II, as consolidated, and Charge II, are AFFIRMED. Specifications 1 and 4 of Charge II are dismissed.

Only so much of the sentence extending to a bad-conduct discharge, confinement for twenty-three months, and reduction to the grade of E-1 is AFFIRMED.

Senior Judge FLEMING and Judge PENLAND concur.

FOR THE COURT:

// JAMES W. HERRING, JR.
Clerk of Court